HERSEY, Judge.
A condominium association appeals an order enjoining it from enforcing a provision of the declaration of condominium prohibiting unit owners from using trucks on the condominium property. In granting the injunction, the trial court reasoned that the association was estopped by its own conduct from enforcing this restriction. Appellees, unit owners, offered constitutional, statutory, and agency rationales supporting their theory of the case.
Article XIII(D) of the Declaration of Condominium of High Point of Delray West provides, in pertinent part: “[N]o trailer, boat, camper, truck, motorcycle, moped, or any commercial vehicle shall be permitted on any portion of the Condominium property except for trucks in the process of delivering goods or furnishing services.”
Appellees, George and Mary Nielsen, entered into negotiations with the developer to purchase a unit in the condominium. Prior to the time of these negotiations, the developer had relinquished control of the condominium to the unit owners, the association, and its board of directors.
Some time earlier, appellee George Nielsen had undergone a hip replacement operation which adversely affected his mobility. As a consequence, he purchased a pickup truck primarily because he could enter the passenger compartment without physical discomfort. The record shows that appel-lees were aware of the truck restriction before entering into the purchase and sale agreement.
As a result of negotiations, the developer wrote the following letter to the condominium association:
So that you are aware, this is to inform you that the owner of the above referenced unit is handicapped and can only get in and out of a small truck, due to his having a plastic hip. Therefore, as long as there is a medical necessity for his operating a truck, we have allowed this exception to the Condominium Rules and Regulations.
Since we, the developer, cannot discriminate against the handicapped, we wanted to keep you informed of our actions.
The association did not overtly react to the letter in any way or at any time before appellees closed on the purchase of their unit.
Subsequently, when efforts to settle the matter between the association and appel-lees proved futile, the association brought this action to enforce the truck restriction against appellees.
Refusing to grant the requested relief, the trial court found, inter alia, that the association had a duty to respond to the developer’s letter, and its failure to do so in a timely manner raised an estoppel rendering it inequitable to grant an injunction enforcing the truck restriction against ap-pellees.
More specifically, and to the point, the trial court also made the following finding:
1. The plaintiff proved that he is handicapped, but failed to prove by the greater weight of the evidence that he needs to drive the truck in question — or any truck — in order to accommodate his disability.
[In a footnote, the trial court stated:] The plaintiff George Nielsen is disabled to a degree. He simply failed to prove that use of the truck in question (or any truck) is necessary for him in order to accommodate his handicap. Nevertheless, the retention of the truck is an important issue to Mr. Nielsen. He has become used to the truck and it suits his medical needs perfectly. He does [not] want to have to go to the expense of replacing it. These are not reasons to *830 hold that the use of the pick up should be an exception to the condominium’s rules. The observations in this note are [ ] simply to point out why it was necessary to consider the estoppel point argued by the plaintiffs. A right of some importance to plaintiffs is determined by the estop-pel issue.
The trial court’s factual finding that ap-pellees failed to meet the condition in the developer’s letter of exemption that the truck restriction would not be enforced against them “as long as there is a medical necessity for [George Nielsen] operating a truck” is supported by substantial competent evidence. That finding is dispositive of the case.
Assuming, arguendo, that the developer was the actual or apparent agent of the association for matters which would be involved in negotiations for the sale of condominium units, then the developer bound the association in exempting appellees from the truck restriction BUT only “as long as there is a medical necessity.”*
The right that George Nielsen had (if any) to operate a truck on the condominium property is expressly conditioned upon a continuing showing of medical necessity. The right or privilege is thus narrowly defined and severely circumscribed. That right or privilege expired by its own terms when appellees failed to carry their burden in the trial court to show a medical necessity-
Again, if the association had a duty to act (we make no such finding) when it became aware of the fact that appellees were about to purchase a unit in reliance upon the developer’s exemption letter, then the association should be estopped from enforcing the truck restriction against ap-pellees BUT only “as long as there is a medical necessity.”
Thus we conclude that the final judgment is erroneous and that the injunction was improvidently granted based upon a faulty premise.
We have considered the other issues presented by the parties and find no merit in any of them.
Because we reverse the final judgment, we also are required to vacate that portion of the judgment awarding costs in favor of appellees. Appellant having prevailed here, both costs and attorney’s fees should be assessed against appellees upon remand.
REVERSED AND REMANDED.
GUNTHER and FARMER, JJ., concur.